**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 W. CAPITOL, ROOM A403
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**August 16, 2019**

Mr. Nathan Severson
Ms. Tara Anderson
Severson, Wogsland & Liebl PC
4627 44th Ave South, Suite 108
Fargo, ND 58104

Mr. Kent Reierson
Ms. Lisa Six
Crowley Fleck, PLLP (Williston)
PO Box 1206
Williston, ND 58802-1206

  Re: *Weese v. Kodiak Oil & Gas (USA) Inc.*, 1:17-cv-00189-BRW-CRH

Dear Counsel:

I have reviewed your submissions and below are the presumptive time limits for the direct examinations of your witnesses:

**Plaintiff's Witnesses**
1. Tate Kick    30 minutes
2. Kirby Longbrake  30 minutes
3. Donald Weese   1 hour
4. Vickie Weese   20 minutes
5. Steven Beede   45 minutes
6. Dr. Stuart Kaplan  45 minutes

**Defendant's Witnesses**
1. Kirby Longbrake  30 minutes
2. Tate Kick    30 minutes
3. Steven Beede   30 minutes
4. Dr. Blake Johnson  45 minutes
5. Charles Glossop  30 minutes

The presumptive time limit for cross-examination is 20 minutes.

It appears Defendant intends to call in its case several of the same witnesses Plaintiff intends to call. If so, it is very likely that the times for direct examination of those witnesses will be reduced – depending, of course, on what is covered during cross-examination during Plaintiff's case.

A rebuttal witness must be a true rebuttal witness, not someone who could have testified on direct, *i.e.*, a witness whose testimony cannot be reasonably anticipated until Defendant's evidence is presented.

Counsel for the parties are directed to "meet and confer" to determine if there is going to be a foundation objection. If so, I should be notified forthwith, with specificity.

At the end of your presumptive time limit on direct or cross-examination, that is it. I'll expect you to stop if you are in the middle of the word "if." You should have your proposed questions printed out so that, at the end of your presumptive time limit, you may approach the bench out of the hearing of the jury and show me the questions you didn't get to ask that you think you should get to ask. I will rule as to whether you will be allowed to ask them – again, out of the hearing of the jury.

Having your proposed questions printed is crucially important so that you can show me how your examination has been bob-tailed. You will not have time at the bench to give me an oral presentation.

Having these questions printed out will probably help you pare down your questions, which is better advocacy. I realize I'm not teaching a trial ad course, but I am keenly aware of the jurors' time. And prolonged, unnecessary examinations of witnesses impinge on the time of jurors, who are greatly inconvenienced doing this great civil duty.

                                              Cordially,

                                              /s/ Billy Roy Wilson